**Elmer C. HAAG et al., Appellants,**

**v.**

**Maria R. CANTU et al., Appellees.**

No. 12924.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 21, 1955.

Keys, Russell, Keys & Watson, Corpus Christi, for appellant.

Lloyd & Lloyd, Parker Ellzey, Alice, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Maria R. Cantu, surviving wife of Jesus S. Cantu, for herself, individually, and as next friend of her minor child, Anna Maria Cantu, and Jesus Cantu, Sr., and wife, Anita Soliz Cantu, parents of Jesus S. Cantu, deceased, against Elmer C. Haag and Nicholas Luna Ramirez, seeking to recover damages for

the wrongful death of Jesus S. Cantu and for property damages.

Jesus S. Cantu was alleged to have lost his life as a result of a collision on December 1, 1954, between a Buick automobile driven by him and a truck owned by Elmer C. Haag and driven by Nicholas Luna Ramirez, which collision occurred in the night time, in Live Oak County, on Highway No. 281, about two miles north of the city of George West.

Haag and Ramirez filed their plea of privilege to be sued in Bexar County, the county of their residence, and the plaintiff controverted this plea of privilege, alleging that the District Court of Live Oak County had venue under the provisions of Art. 1995, § 9a, Vernon's Ann.Civ.Stats.

The trial court, after hearing evidence, overruled the plea of privilege and Haag and Ramirez have prosecuted this appeal.

Said section 9a reads as follows:

"Negligence.—A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred or in the county where the defendant has his domicile. The venue facts necessary for plaintiff to establish by the preponderance of the evidence to sustain venue in a county other than the county of defendant's residence are:

"1. That an act or omission of negligence occurred in the county where suit was filed.

"2. That such act or omission was that of the defendant, in person, or that of his servant, agent or representative acting within the scope of his employment.

"3. That such negligence was a proximate cause of plaintiff's injuries. Added Acts 1953, 53rd Leg., p. 390, ch. 107, § 2."

The appellants made the following admissions at the request of appellees:

"It's admitted that Defendant Elmer C. Haag, on December 1, 1954, was the owner of the truck involved in the accident mentioned in plaintiffs' petition.

"It's admitted that Defendant Nicolas Luna Ramirez was employed by Defendant Elmer C. Haag to drive the truck in question.

"It's admitted that Defendant Nicolas Luna Ramirez was acting within the scope of his employment for Defendant Elmer C. Haag at the time of the collision in question.

"It's admitted that Defendant Nicolas Luna Ramirez had driven the said truck to the place on Highway 281 where the accident occurred.

"It's admitted that Defendant Nicolas Luna Ramirez was acting within the scope of his employment for Defendant Elmer C. Haag in driving said truck to said place.

"It's admitted that at the time of said collision Defendant Nicolas Luna Ramirez was acting as the employee of Defendant Elmer C. Haag and was within the scope of such employment in having Defendant Elmer C. Haag's truck at the place where it was located when the accident occurred.

"It's admitted that Defendant Elmer C. Haag was present at the time of the accident.

"It's admitted that the accident occurred at night.

"It's admitted that the accident occurred at a time between one-half hour after sunset and one-half hour before sunrise.

"It's admitted that Defendant Elmer C. Haag's truck was standing still at the time of the accident.

"It's admitted that Defendant Elmer C. Haag's truck was disabled.

"It's admitted that the accident occurred in Live Oak County, Texas.

"It's admitted that the accident occurred outside of any municipality."

Appellants contend that there was not evidence, or in any event the evidence was insufficient, to show negligence on the part of them, proximately causing the death of Jesus S. Cantu. From the admissions of appellants and the evidence introduced by appellees, the trier of facts was justified in concluding that appellants left the truck and trailer owned by Haag and driven by Ramirez parked upon the paved portion of Highway No. 281, so as to block the entire paved portion, with the exception of three or four feet, and without placing flares or reflectors, as is required by Art. 6701d, § 138. While the truck and trailer were thus unlawfully blocking the paved portion of the highway in the night time, Jesus S. Cantu drove his Buick automobile into the trailer and was killed in Live Oak County, Texas. This was sufficient to show that appellants were guilty of negligence in Live Oak County on December 1, 1954, which proximately caused the death of Jesus S. Cantu.

Appellant Ramirez was called as a witness by appellees and gave a full account of just how the truck and trailer happened to be parked across the highway at the time of the collision.

He testified that as driver of the truck he was traveling from Corpus Christi to San Antonio. When he was about two miles north of George West he developed engine trouble and managed to drive the truck and trailer entirely off the pavement on his righthand side of the road. He then put out reflectors and got in touch with the owner, Elmer C. Haag, who came to the scene where the collision later occurred. They first tried to tow the truck with the Chevrolet which Haag was driving, but as the truck was headed up a hill this could not be done. Then they decided to release the brakes and let it roll down the hill, but in doing this the trailer backed out over the pavement and the tractor and trailer "jackknifed." First the trailer was about half-way across the pavement. Appellants again released the brakes and the trailer backed entirely across the pavement, leaving only about three or four feet. They again tried to tow the truck with the Chevrolet, but again this was impossible. They then were successful in flagging down an automobile approaching from the north. They then attempted to flag down the deceased, Jesus S. Cantu as he approached from the south. Haag was 175 feet south of the truck and trailer with a reflector in his hand but failed to flag down deceased and the collision occurred. This explanation of how the trailer happened to be blocking the paved portion of the highway at the time of the collision does not absolve appellants of negligence and the evidence was sufficient to show that appellants were guilty of negligence in Live Oak County, which proximately caused the death of Jesus S. Cantu.

It is pointed out by appellants that some of the witnesses referred to the automobile driven by deceased as a 1952 Buick "Hardtop" while others referred to it as a 1953 Buick "Hardtop." There was no uncertainty caused by this, as it is clear from the admissions made by appellants and the evidence that they were all referring to the same Buick. Neither was any uncertainty created by the fact that the deceased was variously referred to as Jesus Saliz Cantu, Jesus S. Cantu, and Jesus Cantu, Jr. It is clear from the record that all such references were to one and the same person.

The judgment of the trial court is affirmed.